**Richard G. Cohn-Lee, OSB No. 952331**
E-mail:  Rich@hungerfordlaw.com
**Joel E. Hungerford, OSB No. 140940**
E-mail: Nancy@hungerfordlaw.com
THE HUNGERFORD LAW FIRM
PO Box 3010
Oregon City, Oregon 97045
Telephone:  (503) 650-7990
Facsimile:  (503) 655-1429

        Attorneys for Plaintiff–Appellant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **GRANTS PASS SCHOOL DISTRICT**, <br><br>        **Plaintiff–Appellant**, <br><br>    v. <br><br> **STUDENT,** <br><br>        **Defendant–Appellee**. | Civil No. 1:14-cv-1115 <br><br><br> **COMPLAINT** <br><br> (Appeal of Hearing Officer's Decision Pursuant to Individuals with Disabilities Education Act ("IDEA")) |

For its first claim for relief, plaintiff–appellant Grants Pass School District (the

"District") alleges as follows:

### CLAIM FOR RELIEF
#### (Appeal of Hearing Officer's Decision Pursuant to IDEA)

### NATURE OF ACTION

Paragraph 1

This is an appeal of an administrative law judge's ("ALJ") decision issued pursuant to the

Individuals with Disabilities Education Act ("IDEA"), 20 USCA §§ 1400 *et seq*.

1    – COMPLAINT

## JURISDICTION AND VENUE

### Paragraph 2

This court has jurisdiction over this appeal pursuant to 20 USCA § 1415(i)(2) and (3)(A) and 28 USCA § 1331.

### Paragraph 3

The actions of the parties and the decision of the ALJ occurred in the District of Oregon.

## PARTIES

### Paragraph 4

At all times mentioned herein, the District was and is a duly recognized school district operating under the laws of the State of Oregon.

### Paragraph 5

Student is currently a 9th grade student enrolled at Grants Pass High School ("GPHS") in the District.  Student was an 8th grade student at South Middle School ("SMS") during the 2013-2014 academic school year.  Student has attended school in the District since he entered the 8th grade.

## FACTUAL ALLEGATIONS

### Paragraph 6

At all times relevant to this hearing, Student was eligible for special education services under the IDEA under the categories of Autism Spectrum Disorder (ASD).  Student's level of cognitive function was assessed at age 5 years, 5 months, as of November 20, 2014.  Student's chronological age as of that date was 15 years.

Paragraph 7

Student and his parents moved into the District from another state in June 2013.  About one month before moving to Oregon Student's parent contacted the District to discuss Student's transition into the District and extended school year services ("ESY") for Student for the summer of 2013.  Soon after moving to Oregon Student enrolled in the 8th grade at South Middle School in the District.

Paragraph 8

Student had an individualized education plan ("IEP") in place at his former district before moving to Oregon.  The Student's former IEP provided for ESY for breaks longer than 10 calendar days.  As required by the Student's former/incoming IEP, the District provided ESY to Student for the summer of 2013.

Paragraph 9

The District scheduled and conducted an IEP team evaluation meeting regarding Student's eligibility for IDEA services in Oregon on November 19, 2013.  On November 20, 2013 the District and Student's parent met for an IEP meeting to write/update his IEP for his first year in Oregon.  This meeting was facilitated by an Oregon Department of Education ("ODE") facilitator.  Significant changes were made during the November 20, 2013 meeting to the Student's IEP Short-Term Goals and Objectives, as well as to the focus and methodology of Student's education.  During the November 20, 2013 meeting the Student's parent provided input in drafting the new IEP for Student.  There was no disagreement among team members, including Student's parent, regarding the content of the IEP.  The District decided to delay making an ESY determination until a later date so that it could gather regression/recoupment data for Student over at least one upcoming break.  Student's parent did not disagree about

3    – COMPLAINT

delaying the ESY determination until after spring break so that the District would have two breaks over which to gather regression/recoupment data.

Paragraph 10

The November 20, 2013 IEP was implemented and in place for four school days prior to the November 2013 Thanksgiving break when schools were closed.  In addition to the Thanksgiving break, District schools were also closed due to snow on December 6, 9, and 10, 2013.  From the time the November 2013 IEP was implemented until the start of Winter break, District schools held school for sixteen and a half (16.5) instructional days.  Because of the short amount of time that the new IEP was in place and the fact that Student was experiencing major changes stemming from moving to a new school, new staff, and new goals and objectives, as well as a natural lack of structure characteristic of schools just prior to a major holiday break, the District staff had concerns about whether the baseline data from before and after the Winter 2013 break would accurately reflect Student's ability to meet or to progress on the November 20, 2013 IEP goals and objectives.  The District, therefore, decided to delay making an ESY determination until after Spring break so that it would have another opportunity to gather regression/recoupment data.

Paragraph 11

Dorothy Jewell, Student's special education teacher, was the primary person in charge of collecting regression/recoupment data over Winter break in order to compare Student's pre- and post-break performance as required by the District's ESY policies and procedures and OARs. Cindy Picton, Student's speech language pathologist ("SLP"), also collected and recorded regression/recoupment data.  The data sheets collected by Jewell were not intended to be a final form as they need to be first analyzed and interpreted before being shared.  Jewell translated

4      – COMPLAINT

those data sheets into another working form before sharing the information they contained with the rest of the IEP team.  The final, formal ESY determination was then made by the IEP team as a whole.

## Paragraph 12

In addition to collecting regression/recoupment data, Jewell also collected data tracking Student's behaviors on a daily basis (at Student's parent's request).  The behavior data did not align with Student's IEP's goals and objectives, nor did it list the reason for Student's behaviors. Student's parent asked for and was given copies of the data collected on Student's behaviors.

## Paragraph 13

On December 17, 2013, Student's parent requested that some changes be made to the November 20, 2013 IEP.  Student's parent asked for wording changes, for an addition to the service page, and for an objective or two to be removed.  The changes to the IEP were made as requested by Parent.  Student's parent did not ask for ESY to be discussed at this meeting.

## Paragraph 14

The District scheduled an IEP team meeting on March 18, 2014 to review the Student's IEP and discuss Student's ESY.  Student's parent asked that an ESY determination be made at this meeting.  The District stated that it needed to gather additional regression/recoupment data over Spring break before making a determination, but that an ESY determination would be made by April 16, 2014 (i.e., the date listed in Student's IEP).

## Paragraph 15

On March 19, 2014, Student's parent filed a request for a due process hearing with the Oregon Department of Education, alleging that the District had violated the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 USC §§ 1400 *et seq*. by delaying

5    – COMPLAINT

making an ESY determination.  A hearing was held on May 13 and 14, 2014 in Grants Pass,

Oregon by administrative law judge ("ALJ") Bernadette House.  ALJ House issued a Final Order

on June 6, 2014 (i.e., DP 14-102 Final Order) finding that the District had appropriately delayed

making an ESY determination until after Spring break so that it could gather more ESY data.

<u>Paragraph 16</u>

On April 10, 2014, after Spring break, the IEP team met and made a determination

regarding Student's eligibility for ESY for the summer of 2014.  After reviewing the

regression/recoupment data collected over Winter and Spring break, the District determined that

Student did not need ESY for the summer of 2014.  Student's parent stated that he disagreed with

the methodology used in collecting regression/recoupment data and making an ESY

determination.  For instance, he wanted the District to extend the amount of time over which it

collected regression/recoupment data and place a larger emphasis on the fact that Student had

received ESY in the past.  Student's parent did not provide any additional ESY data to the

District, and he agreed that Student did not need ESY in the area of writing goals.

<u>Paragraph 17</u>

On April 18, 2014, Student's parent filed a request for a due process hearing with the

Oregon Department of Education, alleging that the District had failed to provide a free and

appropriate education for Student as required under the Individuals with Disabilities Education

Improvement Act of 2004 ("IDEA"), 20 USC §§ 1400 *et seq*. by denying ESY to Student for the

summer of 2014.  A hearing was held on June 16 and 17, 2014 with ALJ Bernadette House

convened the hearing in Grants Pass, Oregon ("DP 14-104").  By the agreement of both parties

the earlier hearing (i.e., DP 14-104) was incorporated in the record.  On July 1, 2014 ALJ House

issued a Final Order finding that the District had violated IDEA by denying Student ESY for the summer of 2014.

<u>Paragraph 18</u>

Pursuant to 20 USCA § 1415(i)(2) and (3)(A) and ORS 343.175(4), the District hereby timely appeals portions of the Findings of Fact of the second due process Final Order (attached as Exhibit 1) as inaccurate and/or incomplete, including Findings of Fact 6, 7, 10, 18, 30-31, 33-39, 41, 43-47, 49-50, 52, 56, 58-65, and 67-80.

<u>Paragraph 19</u>

Pursuant to 20 USCA § 1415(i)(2) and (3)(A) and ORS 343.175(4), the District also asks the court to reverse the following conclusions of law and/or orders:

a.   That the "District failed to provide ESY to Student in Student's IEP for summer 2014.  District's failure to provide ESY constitutes a failure to provide with a free appropriate education (FAPE) to Student as required under IDEA"; and

b.   That an appropriate remedy for the above violations is to provide ESY of 360 minutes per day, at a schedule mutually agreeable to the parties, sufficient to maintain student's skills and behavior with regard to Student's Annual Goals and Short Term Objectives as set forth in the May 23, 2013 IEP.

<u>Paragraph 20</u>

The District disagrees with the findings and conclusions of law and/or orders described in Paragraphs 18 and 19 above.  The District contends:

a.   That the District did not fail to provide ESY to Student because the determination that Student did not qualify for ESY was appropriate; and

     b.       That Student was, therefore, not denied a free and appropriate education ("FAPE").

WHEREFORE, the District prays for judgment as follows:

1.       On its claim for relief, that the July 1, 2014 findings and conclusions of law of the ALJ referenced in Paragraphs 18 and 19 above should be reversed; and

2.       That the July 1, 2014 Order of the ALJ requiring the District to provide 360 minutes per day of ESY to Student should be reversed; and

3.       That the Court stay all remedies Ordered by the ALJ until a substantive appeal of the July 1, 2014 Final Order is complete; and

4.       For such other relief as the court deems just and proper.

Dated:  July 14, 2014.

THE HUNGERFORD LAW FIRM

/s/ Rich Cohn-Lee_____

Richard G. Cohn-Lee, OSB No. 952331
E-mail:  Rich@hungerfordlaw.com
Joel E. Hungerford, OSB No. 140940
E-mail:  Joel@hungerfordlaw.com
THE HUNGERFORD LAW FIRM
Telephone:  (503) 650-7990
Facsimile:  (503) 655-1429

Of Attorneys for Plaintiff–Appellant