Raymond Parenteau
1370 SW David Dr
Grants Pass, Oregon  97527
Phone 808-284-7463
Email rparenteau@shwest.com
*In Pro Per for*
*Defendant/Appellee, Student*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# MEDFORD DIVISION

| GRANTS PASS SCHOOL DISTRICT, | Civil Case No.: 1:14-CV-1115-PA |
|---|---|
| Plaintiff/Appellant, | **ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER ("TRO")** |
| vs. | |
| STUDENT, | Individuals with Disabilities Education Act ("IDEA") |
| Defendant/Appellee. | |

**NOW COMES** Defendant/Appellee, Student, by and through Raymond Parenteau, In Pro Per for Student, and for his Answer to Motion for Temporary Restraining Order ("TRO") does state as follows:

I. INTRODUCTION

With sweeping aplomb the Plaintiff's motion for TRO asserts it should be granted based on the fact they can meet all four basic requirements for the granting of a TRO. Interestingly their utilization of selective citation of the record to argue in favor of the motion is one of the primary complaints relating to the ALJ's final order they now appeal.

1 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

## II. ARGUMENT

**A.    First and foremost the issue of the one sentence final order must be addressed and the regrettable ambiguity caused by a run-on sentence lacking a comma.**

The final sentence of the ALJ's opinion on page 28 of the Final Order for DP14-104, which immediately precedes the Order on page 29 reads as follows:

> "The evidence supports finding Student eligible ESY for the summer of 2014 in a program based on the Student's AGs and STOs which District selected to track for ESY eligibility (as set out in D10.)"

Clearly the ALJ is stating in the last sentence of her opinion Student is eligible for ESY in a program based on the annual goals and short term objectives as set out in the current IEP. The districts evidence labeled D10 in the hearing was/is representative of the current annual goals and short term objectives from the current/valid IEP. To make the assumption the ALJ changed her opinion and ordered the goals and objectives which should be worked on during ESY are to be found in last years, no longer valid IEP in the very next sentence, which is the "Final Order", is beyond a reasonable stretch of logic.

The final order reads as follows:

> "District is hereby ORDERED to provide ESY of 360 minutes per day, at a schedule mutually agreeable to the parties, sufficient to maintain student's skills and behavior with regard to Student's Annual Goals and Short Term Objectives as set forth in the May 23, 2013 IEP."

If the order had been laid out in any other format, or a comma had been inserted after the phrase "short term objectives", the Plaintiff's motion would have been significantly

2 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

shorter and this Court would not have found reason to be concerned with the ALJ's order. By example I provide the following:

*District is hereby ORDERED:*

- *To provide ESY of 360 minutes per day*
- *As set forth in the May 23, 2013 IEP*
- *At a schedule mutually agreeable to the parties*
- *Sufficient to maintain Student's skills and behavior with regard to Student's Annual Goals and Short Term Objectives*

In Defendant's Post Hearing Brief for DP14-104 in the "conclusion and relief sought" section found on page 7, Defendant requested the ALJ to use the 2013 IEP as a template for the days, time and amount of services for the delivery of ESY services in lieu of detailing them out.

> "The details of requested ESY compensatory education are outlined and enumerated in the Hawaii IEP which was in effect prior to the current IEP. The Hawaii IEP is Petitioner exhibit S11 and the outline and enumerated details can be found on page 16 of 16."

Nowhere on page 16 in exhibit S11 from hearing DP14-104 is there a reference to annual goals or short term objectives, only days, times and amounts of services.

Predicting ambiguity surrounding the Final Order may become a point of contention relating to the implementation of the Order, Defendant initiated a phone conversation with Kirk Kolb, the Director of Special Education Services, the morning of July 7th, 2014 to discuss how Mr. Kolb interpreted the Final Order and how he read it.

3 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

Based on this conversation, both Director Kolb and the Defendant concluded the Final Order was referencing the current IEP goals and objectives and the days, times and amounts of services as outlined on page 16 of the 2013 Hawaii IEP (see Raymond Parenteau signed declaration).

**B. The Plaintiff asserts they will be irreparably harmed by expending irrecoverable District funds to educate Defendant over the summer and Student would be irreparably harmed by being held to outdated goals and objectives over the ESY period.**

As outlined above, Student should not be working on the 2013 goals and objectives during the 2014 summer ESY session.

As for the Plaintiff's contention expending irrecoverable funds educating Defendant through the summer of 2014 when it may not be required to do so if they prevail in the appeal, thus causing irreparable harm, Defendant posits the Plaintiff has a history of expending funds with no expectations of a return on its investment.

According to the latest State of Oregon Report Card for the Plaintiff (included), as noted on page 4 of the report card, out of 1,777 high school students only 68.1% graduated after four years and after 5 years an additional 13% graduate or receive a GED. If the Plaintiff is willing to spend millions of dollars per year on high school students knowing on average over 30% of them will not graduate, and additional millions of dollars per year to provide a 5th year of high school to 13% of their high school population, how can they contend providing ESY services to the Defendant would cause irreparable harm? They spend these multi-millions of dollars on students who will never

4 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

graduate and provide a 5th year of high school because they know the County, State and Federal Government will make them whole again in the following fiscal year with a new round of funding. This is the exact reason providing ESY to the Defendant does not cause the Plaintiff irreparable harm; Defendant gets all the money back next fiscal year whether it has been spent or not.

Additionally, it would appear trite and contentious to assert spending monies to educate the Defendant would cause irreparable harm when Plaintiff is willing to spend multiples of the amount it would take to provide ESY on legal fees trying to avoid providing ESY to the Defendant. This one fact alone would seem to shift the balance of equities in favor of the Defendant.

Alternatively, the Defendant has already suffered irreparable harm and will continue to do so if this motion is not denied. Each day Student misses of ESY extends the time this fall it will take for him to get back on track in school and benefit from his education. The record is rife with, including Plaintiffs motion (page 13 last para.), references to the fact ("[Student] struggles greatly with change in routines, change in staff, change in even the presentation of materials set in front of [Student]. If he's used to a certain way of that being done, he's really going to struggle with understanding or processing what the expectations are for [Student]."). Tr.Vol. 1, 188:22-189:4 For Student, not being provided ESY services when it has been such an integral part of his education for so many years truly causes irreparable harm which cannot be indemnified through compensatory education.

5 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

Also, compensatory education of ten weeks of ESY services requires there to be ten weeks, or more, of time when there is no school. If historically Student has been receiving ESY every summer and there is currently a court order requiring ESY for this summer, an assumption ESY would be required in future years is not off base. If ESY is required for all future years, there is never going to be a summer where he could utilize the compensatory education ordered.

**C.    The balance of equities.**

As a non-attorney my understanding of the balance of equities is limited, but as I understand it this Court is allowed to look at more than just the letter of the law and extend its inquiry to what may be deemed fair, conscionable, equitable, humanistic and ethical. If this is correct then the balance of equities should surely tip in favor of the Defendant and a denial of the motion. If this Court is not yet persuaded the Defendant is the only party needing protection from irreparable harm, is it not better to err on the side of caution? If this Courts particular concern related to the merits had to do with the ambiguous Final Order relating to which goals and objectives would be addressed during ESY, has this not been addressed sufficiently to warrant questions relating to the strength of the Plaintiffs case?

The Plaintiff argues a denial of this motion would not affect any member of the public other than the Student, we dissent. A denial of this motion is in the best interest of the public and may save the Plaintiff monies. Plaintiff spends much time in the instant motion arguing spending irrecoverable monies would cause irreparable harm to the District and not be in the public interest, logic dictates a denial of this motion would

6 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

remove a primary reason for the appeal. If the appeal is withdrawn, the Plaintiff stops spending money on legal fees, which is in the best interest of the public.

### III. CONCLUSION

Although this Court may have reason to believe through today the Plaintiff has acted in good faith, when you are a parent of a child with special needs, in special education, you view actions and/or inaction through a different lens.

After unsuccessfully trying to informally resolve a difference of opinion related to my son, the Student's education, I found myself in a hearing with two experienced lawyers sitting across the table from me. After prevailing in the hearing for DP14-104 in front of a competent, experienced ALJ, I was given a piece of paper that said the Student should receive ESY services. Five weeks after ESY services should have started this summer I am responding to a motion for a TRO in Federal District Court in an effort to secure the services for my son there has been an order for since the beginning of July. With only four weeks left of the summer, I simply want to be able to tell my son "tomorrow" when he continues his daily queries of me, "school tomorrow?"

Because (1) the Plaintiffs substantive appeal is not likely to be successful on its merits, (2) a denial of this motion would put a stop to the irreparable harm being suffered by the Defendant, (3) the balance of equities tips in favor of the Defendant and (4) a denial of this motion is in the best interest of the public, the court should deny this motion.

**WHEREFORE**, Defendant/Appellee, Student, respectfully requests this Honorable Court grant the following relief:

7 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

A. Deny Plaintiff/Appellant's motion for TRO and injunctive relief.

B. Require Plaintiff/Appellant to immediately begin providing ESY services, as ordered in the Final Order from DP 14-104, through the end of August, 2014.

C. For such other relief the Court deems necessary and proper.

Dated: July 25, 2014

Raymond Parenteau
*In Pro Per for*
*Defendant/Appellee, Student*
1370 SW David Dr.
Grants Pass, Oregon  97527
Phone 808-284-7463
Email rparenteau@shwest.com

8 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER ("TRO")** on the following named person(s) on the date of filing by:

    [   ] mailing with postage prepaid;
    [   ] hand delivery;
    [ x ] electronic delivery;
    [   ] overnight delivery

to said person a true copy thereof at their last-known address indicated below:

    Richard G. Cohn-Lee, OSB No. 952331
    E-mail: Rich@hungerfordlaw.com

    Joel E. Hungerford, OSB No. 140940
    E-mail: Joel@hungerfordlaw.com

9 – ANSWER TO MOTION FOR TEMPORARY RESTRAINING ORDER