IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GRANTS PASS SCHOOL DISTRICT,   No. 1:14-cv-01115-CL

    Plaintiff-Appellant,   **ORDER**

  v.

STUDENT,

    Defendant-Appellee.

**PANNER, J.**

Plaintiff moves the court for an injunction staying the implementation of remedies ordered by the Oregon Department of Education pending a ruling on Plaintiff's substantive appeal of that decision. Plaintiff's Motion is GRANTED.

### Background

Plaintiff in this case is the Grants Pass School District ("the District"). Defendant is a ninth-grade student with the school district ("Student"). Student first enrolled in the District in the eighth grade after transferring from another state. Student has been diagnosed with Autism Spectrum Disorder. Although Student is sixteen years old, his cognitive function is

1 - ORDER

that of a neurotypical child of five years and five months.

About one month before moving to Oregon, Student's parent ("Parent") contacted the District about extended school year services ("ESY"). At Student's previous school, he had an individualized education plan ("IEP") that provided for ESY if a break in school days lasts longer than ten days. As required by Student's May 2013 IEP, the District provided Student with ESY during the summer of 2013.

On November 19, 2013, the District scheduled an IEP evaluation to assess Student's eligibility for Individuals With Disabilities Education Act ("IDEA") services. On November 20, the District and Parent met and drafted a new IEP that incorporated significant changes from Student's previous IEP. The District decided to delay making any determination about ESY until it could assess regression/recoupment data for Student over the course of at least one break.

Because of the limited number of school days between the IEP conference and the Winter Break, combined with the ordinary disruption of the pre-holiday period, the District opted to delay making a regression/recoupment analysis until after the Spring Break.

On March 18, 2014, the District held another meeting with Parent, at which time Parent requested that the District make a determination about ESY. The District declined, stating it needed to gather regression/recoupment data and that a determination would be made by the IEP-imposed deadline of April 16, 2014. Parent filed a request for a due process hearing with

the Oregon Department of Education ("ODE"), alleging that the District had violated the requirements of IDEA.

On April 10, 2014, a meeting was held to determine Student's eligibility for ESY. The District made the determination that Student did not need ESY for the summer 2014. Parent disagreed with that determination and, on April 18, filed another request for a due process hearing with ODE, alleging that the District had failed to provide a free and appropriate education for Student pursuant to IDEA.

A hearing on Parent's March due process request was held on May 13-14, 2014, before an Administrative Law Judge ("ALJ") in Department of Education Case No. DP 14-102. The ALJ determined that the District has appropriately delayed making an ESY determination in order to gather data.

In order to resolve Parent's second due process request, a second ALJ hearing was held on June 16-17, 2014, in Department of Education Case No. DP 14-104. On July 1, the ALJ issued a Final Order determining that the District had violated IDEA by failing to provide Student with ESY for the summer 2014. The District was ordered to provide Student with ESY of 360 minutes per day consistent with Student's IEP from May 2013.

The District is appealing the ALJ's decision to this Court and sought a TRO staying the portion that requires them to provide ESY for summer 2014 until there has been a complete substantive appeal. This Court held a hearing on July 17, 2014, at which Defendant was represented by Parent, appearing pro se. The District's Motion for a TRO was granted through July 29. Defendant has submitted a brief in opposition of a further stay.

3 - ORDER

## Legal Standards

The party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is <u>likely</u>, not just possible." <u>Alliance For The Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011).

The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." <u>Id.</u> Thus, a party seeking an injunction may show greater irreparable harm as the probability of success on the merits decreases. <u>Id.</u>

When the issue is the application of correct substantive law to generally accepted facts, the court may rule on a motion for preliminary injunction without holding an evidentiary hearing. <u>Int'l Molders and Allied Workers Local Union No. 164 v. Nelson</u>, 799 F.2d 547, 554-55 (9th Cir. 1986).

## Discussion

I conclude that there are no serious factual disputes in this case. Rather, the parties dispute the interpretation and application of substantive law. Accordingly, I conclude that no hearing is necessary and I issue my ruling based upon the pleadings and affidavits in the record.

## I. Success on the Merits

The IDEA permits a party aggrieved by the decision of an ALJ to file an administrative appeal in a U.S. District Court. 20 U.S.C. § 1415(i)(2)(A). The court's inquiry is two-fold:

> First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more.

Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982).

In making this determination, the court reviews the full administrative record, as well as any additional evidence provided by either party, and must base its decision on a preponderance of the evidence. 20 U.S.C. § 1414(i)(2)(C)(i)-(ii). Reviewing courts are forbidden to "substitute their own notions of sound educational policy for those of the school authorities which they review." Rowley, 458 U.S. at 206.

Although the ultimate determination of the appropriateness of an education program is subject to *de novo* review, courts are obliged to accord "due weight" to the ALJ's determinations. Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 891 (9th Cir. 1995). How much deference an ALJ's findings are entitled to is subject to the discretion of the court, although "thorough and careful" findings are accorded greater deference. Id.

In this case, the District alleges that the ALJ disregarded legal authorities and selectively cited the record and that, as a consequence, it is likely to succeed on a substantive appeal of the ALJ's decision.

5 - ORDER

As noted in my Order on the TRO, I find portions of the ALJ's decision that do not appear to be sufficiently supported. In particular, I am concerned by the ALJ's decision to require ESY consistent with Student's "Annual Goals and Short-Term Objectives as set forth in the May 23, 2013 IEP." The record reflects that many of the goals and objectives of the May 2013 IEP were discarded or superseded by the subsequent IEP conferences. In his Response, Parent advances an explanation for this apparent discrepancy which, although plausible, is at odds with the plain language of the ALJ's Order.

I am further concerned by the discrepancy between the ALJ's Order in DP 14-102, which found that the District reasonably delayed making a regression/recoupment determination until after the Spring Break, and her Order in DP 14-104, which summarily dismisses the data collected over the Spring Break as irrelevant.

I conclude that there exists, at the very least, a serious question going to the merits of this case. This factor must, therefore, weigh in favor of continuing the stay.

## II. Irreparable Harm

A preliminary injunction should issue when necessary to prevent irreparable harm pending trial on the merits. In my previous Order (#13), I addressed the issue of the irrecoverable expenditure of District funds. I conclude that, at this stage, this factor continues to weigh in favor of an injunction.

## III. Balance of Equities

As discussed in my previous Order (#13), I am persuaded that the balance of equities tips in favor of continuing the

District's injunction.

## IV. Public Interest

As in my previous Order (#13), I conclude that neither party strongly represents the public interest. The District has, however, made a sufficiently strong showing on the issues of irreparable harm and success on the merits to offset a comparatively weaker showing on this factor.

### Conclusion

The District's Motion for an injunction is GRANTED. Enforcement of the Oregon Department of Education Order DP 14-104 is STAYED pending adjudication of this case on the merits.

IT IS SO ORDERED.

DATED this **29** day of July, 2014.

*/s/ Owen M. Panner*
Owen M. Panner
United States District Judge