Raymond Parenteau
1370 SW David Drive
Grants Pass, Oregon  97527
Phone (808)284-7463
Email rparenteau@shwest.com
*In Pro Per for*
*Defendant/Appellee, Student*

# UNITED STATES DISTRICT COURT
## STATE OF OREGON
## MEDFORD DIVISION

_____

| | |
|---|---|
| GRANTS PASS SCHOOL DISTRICT, | Civil Case No.: 1:14-CV-1115 |
| Plaintiff/Appellant, | |
| vs. | **ANSWER TO COMPLAINT** |
| STUDENT, | Appeal of Hearing Officer's Decision Pursuant to Individuals with Disabilities Education Act ("IDEA") |
| Defendant/Appellee. | |

**NOW COMES** Defendant/Appellee, Student, and in Answer to Complaint does state as follows:

**CLAIM FOR RELIEF**
**(Appeal of Hearing Officer's Decision Pursuant to IDEA)**

NATURE OF ACTION

Paragraph 1.

In answer to paragraph 1, Defendant/Appellee admits as true.

JURISDICTION AND VENUE

Paragraph 2.

In answer to paragraph 2, Defendant/Appellee admits as true.

Paragraph 3.

In answer to paragraph 3, Defendant/Appellee admits as true.

## PARTIES

Paragraph 4.

In answer to paragraph 4, Defendant/Appellee admits as true.

Paragraph 5.

In answer to paragraph 5, Defendant/Appellee admits in part and denies in part. Student attended ESY in the District during the summer of 2013 prior to entering the 8th grade and attended North Middle School for the 8th grade during the 2013/2014 school year.

## FACTUAL ALLEGATIONS

Paragraph 6.

In answer to paragraph 6, Defendant/Appellee admits as true.

Paragraph 7.

In answer to paragraph 7, Defendant/Appellee admits in part and denies in part. Student enrolled in the 8th grade at North Middle School.

Paragraph 8.

In answer to paragraph 8, Defendant/Appellee admits as true.

Paragraph 9.

In answer to paragraph 9, Defendant/Appellee admits in part and denies in part. There was disagreement from the parent regarding the IEP developed November 20th, 2013 and parent did disagree regarding delaying the ESY determination.

Paragraph 10.

In answer to paragraph 10, Defendant/Appellee admits in part and denies in part. District delayed making the ESY determination until after Spring break because they were under the mistaken assumption it was a requirement to wait until after Spring Break.

Paragraph 11.

In answer to paragraph 11, Defendant/Appellee admits as true.

Paragraph 12.

In answer to paragraph 12, Defendant/Appellee admits as true.

Paragraph 13.

In answer to paragraph 13, Defendant/Appellee admits as true.

Paragraph 14.

In answer to paragraph 14, Defendant/Appellee admits as true.

Paragraph 15.

In answer to paragraph 15, Defendant/Appellee admits in part and denies in part. ALJ House final order for DP 14-102 did not find the District had appropriately delayed making an ESY decision until after Spring break in order to gather more ESY data. The plain language of the final order did not say that.

Paragraph 16.

In answer to paragraph 16, Defendant/Appellee admits in part and denies in part. Everything written after "Student's parent stated that he disagreed…" is fiction penned by the attorney for the Plaintiff – Appellant.

//

Paragraph 17.

In answer to paragraph 17, Defendant/Appellee admits as true.

Paragraph 18.

In answer to paragraph 18, Defendant/Appellee admits in part and denies in part. The Final Order is not inaccurate nor incomplete.

Paragraph 19.

In answer to paragraph 19, Defendant/Appellee asks the court not to reverse the below noted conclusions of law and/or orders, but rather uphold the below noted conclusion of law and remand the case back to ALJ House for a clarification that the Final Order does not reference the Annual Goals and Short Term Objectives of the May 23rd, 2013 IEP:

   a. That the "District failed to provide ESY to Student in Student's IEP for summer 2014. District's failure to provide ESY constitutes a failure to provide with a free appropriate education (FAPE) to Student as required under IDEA"; and

   b. That an appropriate remedy for the above violations is to provide ESY of 360 minutes per day, at a schedule mutually agreeable to the parties, sufficient to maintain student's skills and behavior with regard to Student's Annual Goals and Short Term Objectives as set forth in the May 23, 2013.

//

//

//

-4-

Paragraph 20.

In answer to paragraph 20, Defendant/Appellee agrees with the findings and conclusions of law and/or orders described in Paragraphs 18 and 19 of the complaint and contends:

    a.    The District did fail to provide ESY to Student as determined through the above noted administrative hearing; and

    b.    The Student was denied a Free Appropriate Public Education and educational benefit.

**WHEREFORE**, Defendant/Appellee, Student, respectfully requests this Honorable Court grant the following relief:

    A.    Dismiss Plaintiff/Appellant's Complaint in this matter.

    B.    Grant Defendant/Appellee his costs in having to defend against the Complaint.

    C.    Remand the case back to ALJ House for a clarification that the Final Order does not reference the Annual Goals and Short Term Objectives of the May 23rd, 2013 IEP.

    D.    For such other relief the Court deems necessary and proper.

Dated: October 15, 2014

Raymond Parenteau
*In Pro Per for*
*Defendant/Appellee, Student*
1370 SW David Drive
Grants Pass, Oregon  97527
Phone (808)284-7463
Email rparenteau@shwest.com